Octavio Wys, demandante, apelado-apelante, *v.* Rito Maldonado, demandado, apelante-apelado.

No. 3473.—*Visto:* Marzo 11, 1925.   *Resuelto:* Abril 24, 1925.

1. Negligencia—Negligencia Contributoria—Negligencia en la Causa Próxima que Produce un Accidente.—No comete error una corte inferior que, con vista de las alegaciones del demandado, encuentra culpable al demandante en parte de negligencia y no en el todo de la causa próxima que produjo el accidente.

2. Sentencia—Casos Contenciosos—Congruencia con las Diligencias, Alegaciones, Pruebas y Veredictos y Conclusiones — Congruencia con las Alegaciones.—No comete error una corte que, al reconsiderar su sentencia, declara que existió negligencia contributoria por parte del demandante, cuando el demandado alegó que la causa del accidente fué la negligencia de aquél, sin que pueda el demandante alegar sorpresa, por estar suficientemente avisado, ante tal alegación, de la contención del demandado.

3. Negligencia — Negligencia Contributoria — Negligencia Concurrente del Demandante y Demandado.—No comete error alguno el tribunal inferior que encuentra que demandante y demandado tuvieron parte de culpa en un accidente, cuando la prueba en conjunto tiende a establecer que realmente existió tal culpa.

Sentencia de *R. Díaz Cintrón,* J. (Ponce), declarando sin lugar la demanda y contrademanda, sin costas. *Confirmada.*

*Carlos Brunet del Valle,* abogado del demandante, apelado-apelante; *Domingo Sepúlveda,* abogado del demandado, apelante-apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Este es un pleito que se originó en la Corte Municipal de Ponce y en el cual demandante y demandado se reclaman recíprocamente daños y perjuicios a consecuencia de un accidente ocurrido entre dos vehículos de motor.

El demandante alegó que la causa del accidente se de-

bió única y exclusivamente a la negligencia del demandado, y esta parte no sólo niega ese hecho esencial de la demanda sino que a su vez estableció una contrademanda en la que imputa al demandante toda la culpa del suceso y reclama el valor de ciertos desperfectos sufridos en su máquina por efectos del choque.

En 21 de mayo de 1924 la corte inferior en grado de apelación dictó sentencia declarando con lugar la demanda y sin lugar la contrademanda.

En 26 de mayo de 1924 el demandado solicitó la reconsideración de dicha sentencia y el juez inferior, después de un estudio más cuidadoso de la evidencia, reconsideró su sentencia declarando entonces sin lugar la demanda y sosteniendo su pronunciamiento anterior en cuanto a la contrademanda.

Las dos partes no conformes apelaron de la sentencia y alegan que la corte inferior cometió error en la apreciación de la prueba, señalando además el demandante como error, haber reconsiderado dicha corte la sentencia por fundamentos que no aparecen de la moción de reconsideración.

El motivo para reconsiderar su sentencia la corte inferior descansa en declarar que existió negligencia contributoria por parte del chauffeur del demandante y sostiene esta parte que no alegándose ese motivo por el demandado en sus alegaciones, era una sorpresa para ella, que en ningún momento pudo prepararse para descubrir los fundamentos de la resolución enmendando la sentencia. La contención del demandante se basa esencialmente en que la alegación de negligencia contributoria admite la negligencia por parte del demandado. Esta parece ser la regla cuando se presenta como única defensa, pero otras autoridades sostienen que tal defensa no es inconsistente con la negativa de negligencia por parte del demandado. 20 R.C.L. 107.

En este caso el demandado tanto en la contestación como en la contrademanda alega que la negligencia del chauffeur del demandante fué la única causa determinante del acci-

dente, y no parece lógico sostener que dentro de esa impu-
tación exclusiva de negligencia al demandante, éste no estu-
viera suficientemente avisado de la contención del deman-
dado. La corte inferior, por consiguiente, no cometió error
con vista de las alegaciones del demandado, al encontrar
culpable al demandante en parte de negligencia y no en el
todo de la causa próxima que produjo él accidente.

En cuanto a los hechos hemos examinado cuidadosamente
la prueba y ella en conjunto tiende a establecer, como en-
contró la corte inferior, que realmente demandante y de-
mandado contribuyeron con su parte de culpa en el acci-
dente y uno ni otro no pueden quejarse de sus consecuencias.

*La sentencia de la corte inferior debe ser confirmada.*